DYK, Circuit Judge,
dissenting.
While I fully join Judge O’Malley’s dissent, I write separately to emphasize the difference between this case and prior Section 337 cases at the International Trade Commission (“Commission”), and how starkly the Corn-mission’s theory of induced infringement differs from its own past practice.
Suprema, Inc. (“Suprema”) imports fingerprint scanners to several customers in the United States, including Mentalix, Inc. (“Mentalix”). Cross Match Technologies, Inc. does not dispute the Commission’s finding that Suprema’s “scanners and [software development kit, or “SDK”] are capable of substantial non-infringing use.” J.A. 229. At the time of importation, the scanners neither directly infringe nor induce infringement of method claim 19 of U.S. Patent No. 7,203,344, the sole remaining claim in this appeal. Instead, these staple articles may or may not ultimately be used to infringe claim 19, depending upon whether and how they are combined with domestically developed software after importation into the United States.
The Commission’s Limited Exclusion Order here excluded all fingerprint scanners imported by Suprema or Mentalix “that infringe ... claim 19,” interpreted to mean all scanners imported by Suprema or Mentalix, regardless of how those scanners were later used. Supp.App. 400502. The Commission’s theory was that Suprema induced Mentalix’s post-importation direct infringement of claim 19. The Commission concedes that “Customs might not be able to determine whether future shipments of Supreme scanners presented for entry infringe claim 19 under § 271(b),” but relies on a finding that some of the imported scanners will ultimately be used by Mentalix to directly infringe to enter an order excluding all scanners imported by Suprema or Mentalix. ITC Br. 59.
The government contends that in prior commission decisions it has relied on an inducement theory, and that this case plows no new ground. But as the government conceded at oral argument, in prior cases, the Commission banned staple articles for importation on an inducement theory only in circumstances where inducing instructions were imported alongside an article that was ultimately used to directly infringe in the United States. The Commission’s theory was that all of the imported articles infringed because inducing instructions were included in the importation. Judge O’Malley’s dissent correctly points out that the vast majority of these prior Commission cases are distinguishable. But even taking the government’s description of those prior cases at face value, there was no such finding of instructions imported alongside the scanners here.[1] Instead, the Commission relied solely on Suprema’s alleged intent to *1354 induce, citing evidence that Suprema collaborated with Mentalix to integrate Men-talix’s software with Suprema’s scanners after the articles were imported into the United States.
It is a far different matter where, as here, any inducement is separate from the importation, and the articles as imported may or may not ultimately be used to directly infringe a method claim when combined with software post-importation.
The Commission’s notion that it can nevertheless exclude all of the scanners imported by Suprema because the Exclusion Order allows the importer to certify that certain of the staple articles will not ultimately be used to infringe reads the statute exactly backwards. The statute covers only “articles that — infringe,” 19 U.S.C. § 1337(a)(1)(B), and does not allow the Commission to enter an exclusion order directed to all of the subject articles, even those that ultimately may never be used to infringe, on the theory that some of the articles may be used in an infringing manner after importation.

. The majority notes that the scanners ship “with an instruction manual that explains how programs can be written to take advantage of scanner functionality.” Maj. Op. at 1342. But that is not the same as instructions directed to infringement of method claim 19, and neither the administrative law judge nor the Commission found that these manuals contained instructions that induced infringement of claim 19, nor even mentioned the instructions in the inducement analysis. See J.A. 212 ("The SDKs include manuals as well as dynamic link libraries ('dlls’) that include functions that operate various features of the accused fingerprint scanners.”).